1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUSSELL DAVILA,

11          Plaintiff,                    No. CIV S-06-1951 LKK KJM P

12      vs.

13   WALKER, et al.,

14          Defendant.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

1

1    collected and forwarded by the appropriate agency to the Clerk of the Court each time the

2    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4              The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8    be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10             A claim is legally frivolous when it lacks an arguable basis either in law or in

11   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.

14   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17             A complaint, or portion thereof, should only be dismissed for failure to state a

18   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

20   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

21   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

22   complaint under this standard, the court must accept as true the allegations of the complaint in

23   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

24   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

25   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26   /////

1    The court finds the allegations in plaintiff's complaint so vague and conclusory

2    that it fails to state a claim upon which relief can be granted.  Although the Federal Rules of

3    Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the

4    elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d

5    646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt

6    acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must

7    be dismissed.  The court will, however, grant leave to file an amended complaint, if plaintiff is

8    able to do so while complying with Federal Rule of Civil Procedure 11.

9    To the extent plaintiff is attempting to plead denial of access to the courts, he is

10   advised that an inmate has a constitutionally protected right of meaningful  access to the courts.

11   Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  It is not enough, however, for an inmate to

12   allege some abstract interference; instead, he must show "actual injury" to his rights.  Lewis v.

13   Casey, 518 U.S. 343, 351 (1996).

14   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

15   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

16   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

17   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

18   there is some affirmative link or connection between a defendant's actions and the claimed

19   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

20   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

21   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

22   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

24   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

25   amended complaint be complete in itself without reference to any prior pleading.  This is

26   because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

3

v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the court notes that attached to plaintiff's complaint is another complaint submitted by inmate James Hottinger.  Mr. Hottinger's complaint may be found between pages 8 and 11 of docket entry #1.  The court will direct the Clerk of the Court to remove Mr. Hottinger's complaint and file it in a separate file.  That file should be randomly assigned to a district court judge and magistrate judge and a copy of this order should be placed in the new file.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5.  The Clerk of the Court is directed to remove the complaint submitted by inmate James Hottinger which may be found between pages 8 and 11 of docket entry #1 and open a separate file.  The file should be randomly assigned to a district judge and magistrate judge.  A copy of this order shall be placed in the new file.

4

1          6.  The Clerk of the Court is directed to send plaintiff a form for a civil rights

2   action by a prisoner.

3   DATED:  April 6, 2007.

4                                                                    _____

                                                                     U.S. MAGISTRATE JUDGE

5   1/davi1951.14(8.31.06)

5